**UNITED STATES**

**v.**

**Donald E. EISCHEID, 479 94 2921, Aviation Boatswain's Mate (Aircraft Handling) Second Class (E–5), U.S. Navy.**

**NMCM No. 91 1820.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 9 April 1991.

Decided 16 Oct. 1992.

LT Robert G. Arrambide, JAGC, USNR, Appellate Defense Counsel.

LT Dwight N. Mersereau, JAGC, USNR, Appellate Government Counsel.

Before JONES, Senior Judge, and REED and LAWRENCE, JJ.

LAWRENCE, Judge:

In accordance with his pleas, appellant was found guilty of use of marijuana and obstruction of justice, in violation of Articles 112a and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a and 934. He was sentenced to a bad-conduct discharge, reduction to pay grade E–1, for-

feiture of $250.00 pay per month for 2 months, and confinement for 45 days. The convening authority approved the sentence but suspended confinement in excess of 30 days.

■ The conviction of obstruction of justice was based on appellant's substitution of water for what purportedly was his urine during a random urinalysis test. Subsequent to trial, the Court of Military Appeals held that such an act does not constitute obstruction of justice. *United States v. Turner*, 33 M.J. 40 (C.M.A.1991). The Government argues, however, that we may affirm the conviction based on the rationale of *United States v. Wright*, 22 M.J. 25, 27 (C.M.A.1986), finding that appellant's responses during the providence inquiry establish his guilt of violating a lawful order to provide a urine sample, an allegedly closely-related offense.

■ This argument lacks merit. In *Turner*, both the majority and the dissenting judge noted that appellant's acts constituted an order's violation, yet neither suggested, much less found, that the obstruction of justice could be affirmed based on this other offense. *See also United States v. Burgess*, 32 M.J. 446, 448 (C.M.A.1991) (failing to find an order's violation a closely-related offense to permit affirmance of guilty plea to resisting apprehension). A military appellate court may not affirm a conviction of a charged offense on the sole ground that appellant's responses during the providence inquiry provide a factual basis for a guilty plea to another offense the Government could have charged but did not: the other offense must be closely-related to the charged offense. *See Burgess; United States v. Smith*, 14 M.J. 68, 71 (C.M.A.1982).

■ A closely-related offense is one that is commonly charged for contingencies of proof, *see United States v. Hubbard*, 28 M.J. 203, 206 (C.M.A.1989) (receiving stolen property vice larceny); constitutes a different basis for criminal liability for the same criminal conduct, *see Hubbard* at 205 (larceny by withholding vice as a perpetrator), *Wright* at 27 (accessory after the fact vice as a principal), *United States v. Graves*, 20 M.J. 344, 346 (C.M.A.1985) (accessory after the fact vice as a principal); or is of the same general nature, *see United States v. Felty*, 12 M.J. 438, 441–42 (C.M.A.1982) (escape from confinement vice escape from custody). Obstruction of justice and an order's violation are not ordinarily charged for contingencies of proof since only in the most unique circumstances would military authorities command actions or words that might amount to obstruction of justice. An order's violation does not constitute a different basis for criminal liability regarding the charged offense: it is a different offense. Nor is it closely linked to the charged offense as is the offense of accessory after the fact. The two offenses are not of the same nature or class. Obstruction of justice undermines the integrity of the administration of the military justice system, while the violation of a lawful order impairs general efficiency and good order and discipline within the military service. Because the two offenses are not closely-related, it is unnecessary to determine whether appellant would have any cause to complain were we to affirm the findings of guilty of obstructing justice based on the theory of *Wright*.

Accordingly, the findings of guilty of Charge II and its Specification are affirmed. The findings of guilty of Charge III and its Specification are set aside and dismissed. In general, obstruction of justice is a more serious offense than use of marijuana since the former carries a maximum sentence to confinement for 5 years instead of 2 years for the latter. Recognizing the principles of *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990) and *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), we conclude that reassessment of the sentence is inappropriate. The sentence is set aside. The record of trial is returned to the Judge Advocate General for remand to the same or a different convening authority. A rehearing on sentence is authorized.

Senior Judge JONES and Judge REED concur.